UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:12-CV-233-GFVT

NICEY WILSON,                                                                                   PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S REPORT
                                 AND RECOMMENDATION**

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,                            DEFENDANT.

## I. INTRODUCTION

Plaintiff, Nicey Wilson, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying her application for Supplemental Security Income (SSI). [Record No. 12]. This matter has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Record No. 14]. Now ripe for decision on the parties' cross-motions for summary judgment, and for the reasons set forth herein, it is recommended that the Plaintiff's Motion for Summary Judgment [Record No. 12] be denied, the Defendant's Motion for Summary Judgment [Record No. 13] be granted, and that Judgment be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On February 18, 2011, the Plaintiff filed an application for supplemental security income benefits. [Tr. 14]. In this application, the Plaintiff alleged disability since February 1, 2010. Id. In her Disability Report, Form SSA-3368, the Plaintiff claimed her work ability was limited due to chronic obstructive pulmonary disease (COPD), back pain and migraine headaches. [Tr. 117-123].

Her claim was denied initially [Tr. 21-22], and on reconsideration [Tr. 21-22]. After denial of her claim, Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). [Tr. 61-70].

On February 1, 2012, a hearing was held before ALJ Joel Todd Spangler. [Tr. 377-392]. The Plaintiff testified at the hearing, and was represented by Ronald Cox. [Tr. 377-392]. The ALJ also heard testimony from vocational expert Dr. Julian Nadolsky. [Tr. 377-392]. ALJ Spangler denied Plaintiff's claim for benefits in a written decision dated April 12, 2012. [Tr. 14-20]. In evaluating Plaintiff's claim, the ALJ applied the five-step sequential evaluation process to determine that she was not disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application for benefits. [Tr. 16]. Next, the ALJ found that the Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, migraine headaches and chronic obstructive pulmonary disease (COPD). [Tr. 16]. At step three, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 17-19].

Before proceeding to the fourth step, the ALJ found that Plaintiff's impairments left her with the residual functional capacity ("RFC") to perform a limited range of light work as defined by the Regulations. [Tr. 19-21]. Specifically, with respect to her physical limitations, the ALJ described Plaintiff's residual functional capacity as follows:

> Claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except the work should not call for climbing of ropes, ladders or scaffolds, nor should it provide any concentration exposure to pulmonary irritants, such as odors, gases and areas of poor ventilation. Further, any work must not involve any exposure to workplace hazards, such as moving machinery or unprotected heights.

[Tr. 17].

The fourth step of the analysis is to determine whether the Plaintiff's residual functional

2

capacity would allow her to perform the requirements of her past relevant work. The ALJ determined that the Plaintiff had no relevant employment. [Tr. 19]. At the fifth and final step, relying on the testimony of the Vocational Expert ("VE") and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity, the ALJ must determine whether the Plaintiff is capable of making a successful adjustment to work existing in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.159(a); 416.969(a). Based on the testimony of the Vocational Expert, the ALJ held that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy . . . ." [Tr. 20]. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act. [Tr. 20].

Following the adverse decision of the ALJ, the Plaintiff properly exhausted her administrative remedies by appealing to the Social Security Appeals Council. [Tr. 14]. On appeal, the Appeals Council affirmed the ALJ's decision. [Tr. 14]. On November 26, 2012, Plaintiff initiated the present action by filing her Complaint in the United States District Court for the Eastern District of Kentucky. [Record No. 2]. In her Motion for Summary Judgment, the Plaintiff argues for the reversal of the ALJ's decision based on the Commissioner's failure to properly apply the Sixth Circuit pain standard and failure to support his findings with substantial evidence. [Record No. 12-1]. The Commissioner responds that the ALJ's decision should be affirmed, as it was reached applying the proper pain standard and was supported by substantial evidence. [Record No. 13]. Following briefing, this matter was referred to the undersigned for preparation of a Report and Recommendation. [Record No. 14].

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted).

The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (citations omitted). The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth, 402 F.3d at 595 (citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir.1994) (citations omitted).

## IV. BURDEN OF PROOF

Plaintiff argues on appeal to this Court that the ALJ committed error by incorrectly applying the Sixth Circuit pain standard and that the ALJ's decision was not supported by substantial evidence. [Record No. 12-1]. The Commissioner correctly contends that the substantial evidence provided in the record sufficiently supported the ALJ's decision, and that the Plaintiff has failed to meet her burden of proving error.[Record No. 13].

The plaintiff bears the burden on appeal to the district court to show that the administrative decision was in error. Scharlow v. Schweiker, 655 F.2d 645, 648 (5th Cir. 1981); Brooks v. Sullivan, 766 F.Supp. 584, 588 (N.D. Ill. 1991). This burden on appeal stems from the overall burden plaintiff bears to prove disability at all stages of the administrative proceedings. Scharlow, 655 F.2d at 648; Brooks, 766 F.Supp. 588; *See* 20 C.F.R. 404.1512(a)(c); *See also* 42 U.S.C. 405(g). Because plaintiff bears the burden on appeal to show that the administrative decision was erroneous, general allegations of error will not support a claim that an ALJ's decision is unsupported by substantial evidence. Pugh v. Secretary of Health, Education and Welfare, 448 F.Supp. 37, 41 (D. Kan. 1978).

The Plaintiff has been unable to meet her burden regarding the ALJ's application of the Sixth Circuit pain standard to his findings and that the ALJ's decision was supported by substantial evidence. In her brief, the Plaintiff does not include the Sixth Circuit pain standard or explain how the ALJ failed to correctly apply the standard to his findings. In her response brief, the Commissioner correctly sets out the pain standard for the Sixth Circuit, which requires that a claimant alleging a disability based on subjective complaints must present objective medical evidence of an underlying medical condition. *See* 20 C.F.R. § 416.929(a), (b); Social Security Ruling (SSR) 96-7p, 1996 WL 374186 (S.S.A.); Walters v. Comm'r of Soc. Sec., 127

F.3d 525, 531 (6th Cir. 1997). If the claimant establishes an impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. *See* C.F.R. § 416.929(c), (d); SSR 96-7p; Walters, 127 F.3d at 531. "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." Walters, 127 F.3d at 531; *See also* Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 652 (6th Cir. 2009) (Credibility determinations with respect to subjective complaints of pain rest with the ALJ.)

In this case, the Plaintiff presents only conclusory statements. Moreover, the majority of her argument includes unsupported allegations of fault by the ALJ without any factual or legal support. For example, the Plaintiff stated that, "The ALJ is wrong in not finding her credible as to her pain. One's body does not exist in a vacuum whereby you can deny the extent of her pain because objective testing as to one specific body part is not severe enough to warrant the complaints." [Record No. 12-1 at 21]. Instead of elaborating or supporting this claim with citations to medical records, testimony, or legal authority, the Plaintiff simply moves to her next statement and ends her allegations with, "[i]n conclusion, it is pure fantasy to think that a very sick 53 year old woman whom has never worked outside the home would be hired by anyone and would be able to retain her job." [Record No. 12-1 at 21]. As indicated, general allegations of error will not support a claim that an ALJ's decision was unsupported by substantial evidence. Pugh, 448 F.Supp. at 41. The Plaintiff's synopsis of the record provides no evidence contradicting the ALJ's conclusion that the Plaintiff was not disabled. For the reasons discussed

6

above, the Plaintiff has failed to meet her burden.

In his written decision, the ALJ found that the objective medical evidence over the past six years had, "repeatedly fail[ed] to support the full extent of the claimant's contentions." [Tr. 17-18]. As the Sixth Circuit requires, the ALJ assessed the credibility of the evidence in regard to each of the Plaintiff's claims, starting with her claim of degenerative disc disease of the lumbar spine. [Tr. 17]. The ALJ found that the MRIs taken in 2007, shortly after the Plaintiff's auto accident, had revealed "mild" degenerative disc disease with "no evidence of disc herniation or nerve root impingement." [Tr. 17-18]. However, in the interim, "ARH physicians repeatedly documented only 'slightly' diminished or completely 'normal' lumbar range of motion with no back-related symptoms throughout 2009, 2010 and 2011." [Tr. 17-18]. The ALJ also found that since March of 2011, Dr. Aaron Bress was able to confirm that the Plaintiff had normal muscle strength, range of motion, gait and station, and recorded no neurological deficiencies. [Tr. 18]. These findings satisfy the ALJ's requirements regarding the proper application of the pain standard of the Sixth Circuit and are sufficient to show that the ALJ's decision was supported by substantial evidence.

The ALJ also supported his findings with substantial evidence that the Plaintiff was not disabled based on the symptoms she was experiencing from COPD and migraine headaches. In regard to these claims, the ALJ took into consideration the Plaintiff's testimony at the hearing, along with the reports, statements, and medical records of treating physicians before making his decision. [Tr. 17-19]. Upon this review, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible, to the extent they were inconsistent with his residual functional capacity assessment, and that the objective medical

evidence did not support her claims. [Tr. 17-19]. After a review of the x-rays as far back as 2004, the ALJ found no acute lung abnormalities as it related to the Plaintiff's claim that she suffered from COPD. [Tr. 18]. The ALJ also noted that though the Plaintiff was ultimately diagnosed with COPD, she had yet to consistently exhibit pulmonary symptoms. [Tr. 18]. In addition, the ALJ found that any breathing impairment must be further discounted by the claimant's fluctuating symptoms as well as her continued smoking, despite medical directives. [Tr. 18].

Moreover, the ALJ specifically found that, "aside from her back and breathing ailments, I have given the claimant every benefit of a severe impairment pertaining to her headaches, notwithstanding Dr. Lange's contrary state agency opinion..." [Tr. 18]. The ALJ's findings go on to say, "however, I cannot ignore that, like her breathing issues, her headaches continue to be managed conservatively with medication, and a May 2011 CT scan of her head was normal." [Tr. 18]. Accordingly, the ALJ found that, "the longitudinal evidence, including continuing conservative treatment over the past six years and the consistent clinical exam findings from multiple medical sources, fails to depict a claimant whose pain and pulmonary symptoms prevent lifting over ten pounds, standing over 10 minutes or walking beyond half a block, as Ms. Wilson insisted at the hearing." [Tr. 18].

The ALJ adequately assessed the objective medical evidence as required by the Sixth Circuit and supported his decision with substantial evidence. In his written decision, the ALJ noted conflicting objective medical evidence, considered the Plaintiff's testimony at the hearing, and reviewed the record in a light most favorable to the Plaintiff. The Plaintiff has not provided evidence that would contradict the ALJ's findings. As the Plaintiff has failed in her burden of

presenting colorful claims of error, the undersigned will recommend that her motion for summary judgment be denied.

## V. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the Plaintiff's Motion for Summary Judgment [Record No. 12] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [Record No. 13] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

Signed March 4, 2014.

